JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3015 PA (SHx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Flagstar Bank, FSB v. Juan Mendez, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Juan Mendez and Silvia Mendez ("Defendants") on April 6, 2012. In its Complaint, plaintiff Flagstar Bank, FSB ("Plaintiff"), alleges a single state law claim for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of the existence of a federal question under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and that this action invokes the Court's jurisdiction over commerce and antitrust regulations pursuant to 28 U.S.C. § 1337.

**I.     Analysis**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**A.     Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430 (emphasis in original). The only exception to this rule is where plaintiff's federal claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3015 PA (SHx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Flagstar Bank, FSB v. Juan Mendez, et al. | | |

has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. In their Notice of Removal, however, Defendants refer to the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Seventh, Tenth, and Eleventh Amendments to the Constitution. Although the Notice of Removal could be construed as attempting to allege the existence of a federal question, Defendants do not contend that the unlawful detainer claim is a federal claim in disguise or is somehow preempted by federal law. Rather, Defendants seem to be citing to federal law in support of potential counterclaims. These allegations do not constitute a basis for removal. Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendants have failed to show that federal question jurisdiction exists.

### B. Diversity Jurisdiction

Defendants have also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In the Notice of Removal, Defendants do not properly allege Plaintiff's citizenship or their own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005). Because the Notice of Removal does not allege the citizenship of any of the parties, Defendants' allegations concerning the existence of diversity jurisdiction are insufficient.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3015 PA (SHx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Flagstar Bank, FSB v. Juan Mendez, et al. | | |

      Defendants are also unable to meet § 1332's amount in controversy requirement. Defendants allege that the amount in controversy exceeds $75,000 because the value of the property exceeds $75,000. However, the Complaint's caption clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved—only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking restitution, possession of the premises, costs of suit, and damages "at a daily rate from 1/25/12, until the date that judgment for Plaintiff is entered by the Court." Thus, given that the value of the property is not the amount in controversy, Defendants failed to show that this action meets the minimum jurisdictional requirement.

      Because neither the "four corners" of the complaint nor the Notice of Removal contains sufficient allegations concerning the citizenship of the parties or the amount in controversy, Defendants have not met their burden to establish diversity jurisdiction. See Harris, 425 F.3d at 694.

      **C.**    **Removal Under 28 U.S.C. § 1337**

      As with their defective allegations concerning the existence of a federal question, Defendants' invocation of § 1337 is insufficient to invoke this Court's jurisdiction. Plaintiff's action for unlawful detainer is not a "civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 337.

### Conclusion

      For the foregoing reasons, Defendants have failed to meet their burden of showing that this Court can exercise jurisdiction over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Chatsworth Judicial District, Case No. 12H00293. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.